```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED SPECIALTY
INSURANCE COMPANY, SAFETY SPECIALTY
INSURANCE COMPANY, INTERNATIONAL
INSURANCE COMPANY OF HANNOVER SE, OLD
REPUBLIC UNION INSURANCE COMPANY, and
CRAMER, JOHNSON, WIGGINS & ASSOCIATES,
INC.,

       Petitioners,

-against-

CLEAN PRO CARPET & UPHOLSTERY CARE,
INC. and SOUTHERN CAT, INC.,

       Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/2021
```

21 Civ. 5591 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Petitioners bring this proceeding pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, requesting appointment of an arbitrator. Pet., ECF No. 1. Now before the Court is Respondents' motion to transfer this proceeding to the Eastern District of Louisiana. For the reasons stated below, the motion is GRANTED.

BACKGROUND

  On February 3, 2020, Respondents brought an action in Louisiana State Court against Petitioners and others, alleging breach of contract with respect to a contract for fire and water restoration services for a building in Louisiana. (the "Lousiana Action") *Clean Pro Carpet & Upholstery Care, Inc. v. Upper Pontalba of Old Metairie Condominium Ass'n, Inc.*, No. 20 Civ. 1550 (E.D. La. May 28, 2020), ECF No. 1-2 ¶¶ 5–6; Pet. ¶¶ 19–26. On May 28, 2020, defendants—including Petitioners—removed the action to federal court in the Eastern District of

Louisiana. Louisiana Action, ECF No. 1; Pet. ¶ 26. Based on the contract, the majority of the parties agreed to arbitrate. Pet. ¶¶ 26–27. On February 18, 2021, the Honorable Nannette J. Brown compelled Respondents to arbitrate with the remaining defendant, and denied Petitioners' motion to remove Respondents' chosen arbitrator. Louisiana Order, ECF No. 25-1, *also available at* Louisiana Action, ECF No. 116. After a breakdown in discussions between the parties' chosen arbitrators regarding an umpire, Pet. ¶¶ 30–38, Petitioners filed a petition in this Court seeking the appointment of an arbitrator as umpire, Pet. In lieu of opposing the motion, Respondents seek an order transfering the case to the Eastern District of Louisiana.

## DISCUSSION

I. <u>Legal Standard</u>

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue and (2) whether the balance of convenience and justice favors transfer. *See Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *2 (S.D.N.Y. 2006). "An action could have been brought in another forum if the defendant would have been amenable to personal jurisdiction in the transferee forum at the time the action was commenced and venue is proper there." *Id.* (quotation marks omitted). In determining whether the balance of convenience and justice favors transfer, courts consider several factors, including:

> (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge North Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).  In addition, "[c]ourts frequently weigh two additional factors: (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest[s] of justice, based on the totality of the circumstances."  *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879, 2021 WL 1687378, at *2 (S.D.N.Y. Apr. 29, 2021) (quotation marks omitted), *aff'd*, No. 20 Civ. 6879, 2021 WL 2269552 (S.D.N.Y. June 3, 2021).

"It is well established that motions for transfer lie well within the broad discretion of the district court."  *Schuur v. Walt Disney Co.*, No. 98 Civ. 2212, 1998 WL 190321, at *1 (S.D.N.Y. 1998) (quotation marks omitted).  "The moving party has the burden of establishing the propriety of the transfer by a clear and convincing showing."  *U.S. Life Ins. Co. v. Silverstein*, No. 94 Civ. 1417, 1994 WL 592557, at *1 (S.D.N.Y. 1994).

II.  <u>Analysis</u>

Transfer is appropriate in this instance.  The prerequisites for transfer to the Eastern District of Louisiana are satisfied: this action could have been filed in that court, as it is undisputed that, at the time of filing, the Eastern District of Louisiana would have had subject matter jurisdiction and personal jurisdiction over Respondents, and venue would have been proper in that district.  Resp. Mem. at 4, ECF No. 24; Pet. Opp'n at 6, ECF No. 27.

Therefore, the Court turns to the convenience factors.  The parties agree that the majority of the factors are irrelevant here.  Resp. Mem. at 5; Pet. Opp'n at 6.  The parties dispute only the import of (1) the petitioner's choice of forum, (2) the locus of operative facts, (3) familiarity of the forum with operative law, and (4) trial efficiency and the interests of justice.  Resp. Mem. at 5; Pet. Opp'n at 6.

Initially, Petitioners chose this forum.  A plaintiff's choice of forum is generally entitled to substantial consideration.  *Herbert Ltd. P'ship v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 291

3

(S.D.N.Y. 2004). However, "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Maverick Fund, L.D.C. v. Lender Processing Servs., Inc.*, No. 13 Civ. 5474, 2013 WL 6467889, at *2 (S.D.N.Y. Dec. 10, 2013) (quoting *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc)). Therefore, "[w]hen a plaintiff chooses a forum other than [its] home forum, . . . the [C]ourt must consider the reasons for the plaintiff's decision," and "the more it appears the decision is motivated by forum shopping reasons, the less deference will be accorded to it." *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015) (quotation marks omitted).

Only one petitioner is a resident of New York, Pet. ¶¶ 1–10, and none of the events giving rise to the arbitration occurred in New York. *Cf. Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 619 (S.D.N.Y. 2011) (noting that deference is at its strongest where plaintiff sued in his home forum and the "subject of the arbitration" was in that forum). Moreover, there are indications that Petitioners may be engaging in forum shopping: all other stages of this litigation have occurred in the Eastern District of Louisiana, and Petitioners only filed this proceeding in this district after Judge Brown denied their request to remove Respondents' chosen arbitrator in the Louisiana Action. Pet. ¶ 28; Louisiana Order. Therefore, the Court awards less deference to Petitioners' choice of forum. *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87, 2021 WL 2688722, at *11 n.14 (S.D.N.Y. June 30, 2021).

Next, the parties dispute the locus of operative facts. All events underlying the arbitration took place in Louisiana. Pet. ¶¶ 17, 19–25. Nevertheless, in the context of petitions to confirm or vacate arbitration awards, "[t]he locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place." *Crow Const. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01 Civ. 3839, 2001 WL 1006721, at *2 (S.D.N.Y. Aug. 31, 2001); *see also Fellus*, 783 F. Supp. 2d at 620 (explaining this rule exists because "the court does not revisit

4

the underlying issues determined by the arbitrators, but rather, what the arbitrators did and whether their actions warrant vacation" (quotations marks omitted)).  Because the motion to appoint an arbitrator, like a motion to vacate or confirm the arbitration, does not center on the underlying issues,  the Court concludes that the locus of operative facts is the location of the arbitration—New York.  Pet. ¶ 18; *see also* Louisiana Order at 17–21 (analyzing the motion to remove an arbitrator based on neutral principles of contract interpretation); ECF No. 3 (Petitioners arguing for appointment of the arbitrator not based on the underlying facts).

Insofar as the parties dispute the relevance of the different forums' familiarity with the law to be applied, this factor is neutral.  There is no reason that the Eastern District of Louisiana cannot ably apply New York law.  *Flood*, 94 F. Supp. 3d at 580 ("Familiarity with the governing law is generally given little weight in federal courts.").

Finally, efficiency and the interests of justice weigh heavily in favor of transfer.  Although the Louisiana Action is administratively closed, Louisiana Action, ECF No. 140, Respondents represent that it will not be a burden to reopen the case, Resp. Mem. at 3–4.  Moreover, the court in the Louisiana Action is already familiar with the underlying facts and procedural history of this dispute, making it a much more efficient forum.  *See Williams*, 2006 WL 399456, at *3 ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative.").  Although Petitioners contend that the deciding court need only weigh the qualifications of the arbitrators, that weighing requires knowledge of the underlying dispute and what qualifications are necessary to resolve that dispute.

Balancing these factors, the Court concludes that the need for efficiency and the interests of justice outweigh the other factors, and, therefore, GRANTS Respondents' motion.

**CONCLUSION**

Accordingly, Respondents' motion to transfer is GRANTED in the interests of justice. The Court, therefore, declines to rule on Petitioners' request for the appointment of an arbitrator. The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Louisiana, terminate the motion at ECF No. 23, and close the case.

SO ORDERED.

Dated: November 9, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge